UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS DARLEY,

                       Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                       Defendants.

**ORDER OF SERVICE**

22-CV-00714 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Nicholas Darley ("Plaintiff"), currently incarcerated in the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), brings this *pro se* action asserting claims under the Federal Tort Claims Act, seeking damages and injunctive relief. He names the following defendants: (1) the United States of America; (2) FCI Otisville physician Dr. Linley; (3) FCI Otisville physician's assistant Vander Hey-Wright; (4) FCI Otisville family nurse practitioner Thomas-Walsh; (5) FCI Otisville physician Dr. McNutt; (6) FCI Otisville Assistant Health Services Administrator Deez; (7) FCI Otisville Health Services Administrator Walls; (8) FCI Otisville Associate Warden Maldonado; and (9) FCI Otisville Associate Warden LeMasters. The Court construes Plaintiff's complaint as asserting additional claims for damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as well as claims for injunctive relief under the Administrative Procedure Act, 28 U.S.C. § 1361 (mandamus relief), or 28 U.S.C. § 2241 (*habeas corpus* relief).

      Plaintiff filed, with his complaint, a motion to appoint *pro bono* counsel. (Doc. 4.) By Order dated February 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").[1]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

The Court directs service on the defendants. For the reasons discussed in this Order, the Court denies Plaintiff's motion to appoint *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## DISCUSSION

**A.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the complaint until 90 days after the date that summonses are issued for the defendants. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is also

instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue summonses for the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of summonses and the complaint on the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**B.       Motion to Appoint *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's motion to appoint *pro bono* counsel (Doc. 4) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants; (2) complete USM-285 forms with the service addresses of the defendants; (3) mark the box on the USM-285 forms labeled "Check for Service on U.S.A.;" and (4) deliver all documents

necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service.

The Court denies Plaintiff's motion to appoint *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. (Doc. 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 18, 2022
White Plains, New York

PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. United States of America
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001

   United States of America
   United States Attorney for the Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, New York 10007

2. Dr. Linley
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

3. Vander Hey-Wright, Physician's Assistant
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

4. Family Nurse Practitioner Thomas-Walsh
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

5. Dr. McNutt
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

6. Assistant Health Services Administrator Deez
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

7. Health Services Administrator Walls
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

8. Associate Warden Maldonado
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963

9. Associate Warden LeMasters
   FCI Otisville
   P.O. Box 600
   Otisville, New York 10963