UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS DARLEY,

                  Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                  Defendants.

**ORDER OF SERVICE**

22-CV-00714 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Nicholas Darley ("Plaintiff"), currently incarcerated at the United States Penitentiary, Marion ("Marion"), brings this pro se action asserting claims under the Federal Tort Claims Act, seeking damages and injunctive relief. The Court issued the first Order of Service on February 18, 2022 directing service on all Defendants. (Doc. 12). On July 1, 2022, the Court directed the U.S. Attorney's Office to provide service addresses for five individuals for whom U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") were returned unexecuted. (Doc. 33). The U.S. Attorney's Office provided the information required by the Court on July 7, 2022. (Doc. 34). The Court issued the second Order of Service on July 8, 2022 directing service on the five remaining individuals for whom the USM-285 forms were returned unexecuted. (Doc. 35). The USM-285 forms for two of those five individuals were again returned unexecuted with the remark that the individuals could not be served by the U.S. Marshals Service in the Northern District of Ohio "without [an] Order directing [the U.S. Marshals Service in the Northern District of Ohio] to serve on behalf of [New York]." (Doc. 51; Doc. 52).

    The Court herein directs service on the two remaining unserved individuals.

## DISCUSSION

Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve Defendants with the complaint until 90 days after the date that summonses are issued for Defendants. If the complaint is not served on Defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a USM-285 form for each Defendant identified in the list annexed hereto and, on each form, mark the box labeled: "Check for service on U.S.A." The Clerk of Court is instructed further to issue summonses for Defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of summonses and the complaint on Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants identified in the list annexed hereto; (2) complete USM-285 forms with the service addresses of those Defendants; (3) mark the box on the USM-285 forms labeled "Check for Service on U.S.A.;" and (4) deliver all documents necessary to effect service of summonses and the complaint on those Defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: White Plains, New York
December 13, 2022

PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Dr. Kathy McNutt
   FCI Elkton
   P.O. Box 129
   Lisbon, Ohio 44432

2. Sarah Dees, Health Service Administrator
   FCI Elkton
   P.O. Box 129
   Lisbon, Ohio 44432