UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS DARLEY,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, ET AL.,

                Defendants.

**ORDER DENYING SECOND REQUEST FOR PRO BONO COUNSEL**

22-CV-00714 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff filed, on March 3, 2023, his second application requested that the Court appoint *pro bono* counsel. (Doc. 63). Plaintiff's first request was denied without prejudice to renewal at a later date because the Court determined, after application of the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), that Plaintiff's request for *pro bono* counsel was premature. (Doc. 12 at 3). The Court granted Defendants leave to file a partial motion to dismiss on March 1, 2023. (Doc. 62). Plaintiff requests the appointment of *pro bono* counsel at this juncture "due to the complexity of the case, [his] limited knowledge of the law, [and] the limitations to [him] investigating the case and conducting proper discovery." (Doc. 63 at 1-2).

      Applying the *Hodge* factors, the Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's Second Application. Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact finder," (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. *Id.* Though Plaintiff asserts that he does not possess legal training, "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-06061, 2012 WL

1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

## CONCLUSION

For the foregoing reasons, Plaintiff's second request for the appointment of *pro bono* counsel is denied without prejudice to renewal later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated:   White Plains, New York
         March 6, 2023

_____
PHILIP M. HALPERN
United States District Judge